1    DANIEL C. GIRARD (Cal. Bar No. 114826)
     ELIZABETH C. PRITZKER (Cal. Bar No. 146267)
2    SHERI L. KELLY (Cal. Bar No. 226993)
     GIRARD GIBBS LLP
3    601 California Street, Suite 1400
     San Francisco, California 94108
4    (415) 981-4800
     (415) 981-4846 (fax)
5

6    Attorneys for Plaintiffs
     Heather Nordberg, William Smith, Julie Butler, and Faye E. Taber

7

8    THOMAS NOLAN (Cal. Bar No. 066992)
     HARRIET S. POSNER (Cal. Bar No. 116097)
9    JASON D. RUSSELL (Cal. Bar No. 169219)
     PETER B. MORRISON (Cal. Bar No. 230148)
10   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
     300 South Grand Avenue
11   Los Angeles, California 90071-3144
     (213) 687-5000
12   (213) 687-5600 (fax)

13   Attorneys for Defendant
     Trilegiant Corporation

14

15                   UNITED STATES DISTRICT COURT
16              NORTHERN DISTRICT OF CALIFORNIA
                   SAN FRANCISCO DIVISION
17

| | |
|---|---|
| HEATHER NORDBERG, WILLIAM SMITH, JULIE BUTLER, and FAYE E. TABER, on behalf of themselves and all others similarly situated, | CASE NO. C-05-3246-MHP |
| Plaintiffs, | STIPULATED PROTECTIVE ORDER |
| v. | |
| TRILEGIANT CORPORATION, a/k/a TRL GROUP, a Delaware Corporation, | |
| Defendant. | |

26       **WHEREAS**, disclosure and discovery activity in this action are likely to involve production

27 of confidential, proprietary, or private information for which special protection from public

28                                         1

1  disclosure and from use for any purpose other than prosecuting this litigation would be warranted,

2  the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective

3  Order (the "Order").

4      1.    **DEFINITIONS**

5      1.1    Party: any party to this action, including all of its officers, directors, employees,

6  consultants, retained experts, and outside counsel and their support staff.

7      1.2    Disclosure or Discovery Material: all items or information, regardless of the medium

8  or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or

9  tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

10     1.3    "Confidential" Information or Items: information (regardless of how generated,

11  stored or maintained) or tangible things that qualify for protection under standards developed under

12  Rule 26(c) of the Federal Rules of Civil Procedure.

13     1.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely

14  sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would

15  create a substantial risk of serious injury that could not be avoided by less restrictive means.

16     1.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a

17  Producing Party.

18     1.6    Producing Party: a Party or non-party that produces Disclosure or Discovery Material

19  in this action.

20     1.7.    Designating Party: a Party or non-party that designates information or items that it

21  produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential –

22  Attorneys' Eyes Only."

23     1.8    Protected Material: any Disclosure or Discovery Material that is designated as

24  "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

25     1.9.    Outside Counsel: attorneys who are not employees of a Party but who are retained to

26  represent or advise a Party in this action.

27     1.10    House Counsel: attorneys who are employees of a Party.

28                                    2

1.11   Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

1.12   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**2.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in Court or in other settings that might reveal Protected Material.

**3.   DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**4.   DESIGNATING PROTECTED MATERIAL**

4.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material,

3

documents, items, or communications for which protection is not warranted are not swept

unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are

prohibited.  If it comes to a Party's or non-party's attention that information or items that it

designated for protection do not qualify for protection, or do not qualify for the level of protection

initially asserted, that Party or non-party must promptly notify all other parties of the mistaken

designation.

    4.2   <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order, or

as otherwise stipulated or ordered, material that qualifies for protection under this Order must be

clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

    (a)   <u>for information in documentary form</u> (apart from transcripts of depositions or

other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected

material.  A Party or non-party that makes original documents or materials available for inspection

need not designate them for protection until after the inspecting Party has indicated which material it

would like copied and produced. During the inspection and before the designation, all of the material

made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced,

the Producing Party must determine which documents qualify for protection under this Order, then,

before producing the specified documents, the Producing Party must affix the appropriate legend on

each page that contains Protected Material.

    (b)   <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the

Party or non-party offering or sponsoring the testimony either (i) identify on the record, before the

close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any

portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

4

1  ONLY" or (ii) up to twenty days following the receipt of any transcript of any deposition, hearing, or

2  other proceeding, identify the specific portions of the testimony as to which protection is sought and

3  to specify the level of protection being asserted.  Transcript pages containing Protected Material

4  must be separately bound by the court reporter, who must affix to each such page the legend

5  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed

6  by the Party or non-party offering or sponsoring the witness or presenting the testimony.

7          (c)    for information produced in some form other than documentary, and for

8  any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

9  container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

10  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

11      4.3    Inadvertent Failures to Designate.  All Discovery Material shall be treated as

12  Protected Material for 20 days following production.  During such 20 day period, any party or

13  non-party may designate produced Discovery Material as Protected Material if it has not already

14  designated as such.  In addition, following the 20 day period, if timely corrected, an inadvertent

15  failure to designate qualified information or items as Protected Material does not, standing alone,

16  waive the Designating Party's right to secure protection under this Order for such material. If

17  material is appropriately designated as Protected Material after the material was initially produced,

18  the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure

19  that the material is treated in accordance with the provisions of this Order.

20  **5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

21      5.1    Timing of Challenges.  A Party waives its right to challenge a confidentiality

22  designation by electing not to mount a challenge on or before forty-five (45) days after the date of

23  production of the Protected Material to be challenged, or by such other date as the parties may agree

24  in writing.  The Court may grant a Party relief from such waiver, upon motion of said Party under

25  Civil Local Rule 7 and Civil Local Rules 37-1 through Rule 37-3, as applicable, in the interests of

26  justice or for good cause shown.

27

28                                    5

1       5.2   <u>Meet and Confer.</u> A Party that elects to initiate a challenge to a Designating Party's

2   confidentiality designation must do so in good faith and must begin the process by informing the

3   other party in writing of its intent to initiate a challenge. In a reasonable time after this initial

4   notification, at a time mutually agreed upon by the Parties, the Parties shall confer directly (in voice

5   to voice dialogue), with the challenging Party explaining the basis for its belief that the

6   confidentiality designation was not proper. The challenging Party must then give the Designating

7   Party a reasonable opportunity to review the designated material, to reconsider the circumstances,

8   and, if no change in designation is offered, to explain the basis for the chosen designation. A

9   challenging Party may proceed to the next stage of the challenge process only if it has engaged in this

10  meet and confer process first.

11      5.3   <u>Judicial Intervention.</u> A Party that elects to press a challenge to a confidentiality

12  designation after considering the justification offered by the Designating Party may file and serve a

13  motion under Civil Local Rule 7 and Civil Local Rules 37-1 through 37-3, as applicable (and in

14  compliance with Section 9 of this Order, if applicable), that identifies the challenged material and

15  sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a

16  competent declaration that affirms that the movant has complied with the meet and confer

17  requirements imposed in the preceding paragraph and that sets forth with specificity the justification

18  for the confidentiality designation that was given by the Designating Party in the meet and confer

19  dialogue.

20      The burden of persuasion in any such challenge proceeding shall be on the

21  Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the

22  material in question the level of protection to which it is entitled under the Producing Party's

23  designation.

24  **6.   ACCESS TO AND USE OF PROTECTED MATERIAL**

25      6.1   <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed

26  or produced by another Party or by a non-party in connection with this case only for prosecuting,

27  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

28

1  the categories of persons and under the conditions described in this Order. Protected Material must

2  be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that

3  access is limited to the persons authorized under this Order. When the litigation has been terminated,

4  a Receiving Party must comply with the provisions of Section 10 of this Order.

5      6.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

6  ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

7  disclose any information or item designated CONFIDENTIAL only to:

8          (a)    the Receiving Party's Outside Counsel of record in this action, as well as

9  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

10  litigation;

11         (b)    the officers, directors, and employees (including House Counsel) of the

12  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

13  the "Agreement to Be Bound by Protective Order" (Exhibit A);

14         (c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is

15  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

16  Protective Order" (Exhibit A);

17         (d)    the Court and its personnel;

18         (e)    court reporters, their staffs, and professional vendors to whom disclosure is

19  reasonably necessary for this litigation;

20         (f)    during their depositions, witnesses in the action to whom disclosure is

21  reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that

22  reveal Protected Material must be separately bound by the court reporter and may not be disclosed to

23  anyone except as permitted under this Stipulated Protective Order.

24         (g)    the author of the document or the original source of the information.

25      6.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

26  Information or Items. Unless otherwise ordered by the Court or permitted in writing by the

27  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

28                                    7

1  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

2          (a)      the Receiving Party's Outside Counsel of record in this action, as well as

3  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

4  litigation; and

5          (b)      experts (as defined in this Order) retained by the Receiving Party to whom

6  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

7  Bound by Protective Order" (Exhibit A).

8      6.4      <u>Retention of Agreement To Be Bound By Protective Order</u>.  Counsel making

9  disclosure to any person as described herein above shall retain the original executed "Agreement to

10  Be Bound by Protective Order" (Exhibit A) until final termination of this litigation.

11      **7.      PROTECTED MATERIAL SUBPOENAED OR
               ORDERED PRODUCED IN OTHER LITIGATION**
12

13      7.1      If a Receiving Party is served with a subpoena or an order issued in other litigation

14  that would compel disclosure of any Protected Material, the Receiving Party must so notify the

15  Designating Party, in writing (by fax, if possible) immediately and in no event more than three court

16  days after receiving the subpoena or order. Such notification must include a copy of the subpoena or

17  court order.

18      7.2      The Receiving Party also must immediately inform in writing the Party who caused

19  the subpoena or order to issue in the other litigation that some or all the material covered by the

20  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

21  deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or

22  order to issue.

23      7.3      The Receiving Party receiving the subpoena shall not produce any Protected Material

24  in response to the subpoena without either the prior written consent of the Designating Party or an

25  order of a court of competent jurisdiction. However, the Designating Party in such case shall bear the

26  burden and expense of seeking protection of its Protected Material, including without limitation a

27  court order relieving the subpoenaed Party of the obligations of the subpoena.

28                                                           8

7.4     The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8.     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

9.     **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  The Parties hereby further agree that any brief, memorandum, transcript of testimony, or other document submitted to the Court that incorporates, reflects, or discloses any Protected Material shall be lodged in complete form with the Clerk for delivery to the Judge's Chambers and filed under seal, in compliance with Civil Local Rule 79-5.  The Parties further agree that neither Party shall object to such filing under seal; in agreeing not to object to such filing under seal, however, neither Party waives its right to challenge a confidentiality designation pursuant to the procedures set forth in Section 5 of this Order.  All materials filed under seal shall be available in complete form to the Court and to Counsel for the Parties for viewing and/or copying.

10.    **FINAL DISPOSITION**

10.1.   Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all

9

1  copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the

2  Protected Material. With permission in writing from the Designating Party, the Receiving

3  Party may destroy some or all of the Protected Material instead of returning it.  The Receiving Party

4  may destroy all Protected Material that is either attorney work product or attorney-client privileged

5  material without such permission. Whether the Protected Material is returned or destroyed, the

6  Receiving Party must submit a written certification to the Producing Party (and, if not the same

7  person or entity, to the Designating Party) by the sixty day deadline that identifies (by category,

8  where appropriate) all the Protected Material that was returned or destroyed and that affirms that the

9  Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of

10  reproducing or capturing any of the Protected Material.

11      10.2.   Notwithstanding subparagraph 10.1, above, Counsel are entitled to retain an archival

12  copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work

13  product, even if such materials contain Protected Material. Any such archival copies that contain or

14  constitute Protected Material remain subject to this Order as set forth in Section 3 (Duration).

15      **11.   <u>MISCELLANEOUS</u>**

16      11.1   <u>Right to Further Relief.</u>   Nothing in this Order abridges the right of any person

17  to seek its modification by the Court in the future.

18      11.2   <u>Right to Assert Other Objections.</u>   By stipulating to the entry of this Order no Party

19  waives any right it otherwise would have to object to disclosing or producing any information or item

20  on any ground not addressed in this Order. Similarly, no Party waives any right to object on any

21  ground to use in evidence of any of the material covered by this Order.

22      11.3   <u>Modification.</u>   This Order may be modified, subject to Court approval, in the event

23  that the parties agree in writing, signed by the signatories hereto, to a modification of the provisions

24  hereof, or such modification is ordered by this Court.

25      11.4   <u>Producing Party's Use Of Own Protected Material.</u>   Nothing in this Order shall be

26  construed to limit in any way the ability of the Producing Party to use or disclose its Protected

27  Material in any manner whatsoever.

28                                    10

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3   DATED: July 27, 2006

4                              GIRARD GIBBS LLP

5

6                              By: _____

7                                    Daniel C. Girard
                                Elizabeth C. Pritzker

8                                   Sheri L. Kelly
        Attorneys for Plaintiffs Heather Nordberg, William Smith, Julie
                      Butler, and Faye E. Taber

9

10   DATED: July 27, 2006

11                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

12

13                            By: _____

14                                    Thomas Nolan
                                Harriet S. Posner

15                                   Jason D. Russell
                                  Peter B. Morrison
           Attorneys for Defendant Trilegiant Corporation

16

17

18

19

20

21

22

23

24

25

26

27

28                               11

1 | PURSUANT TO STIPULATION, IT IS SO ORDERED.

2 | DATED: July 28 2006

3

4 | By: _____

5 | Hon. Marilyn H. Patel
United States District Court Judge

6

IT IS SO ORDERED

Judge Marilyn H. Patel

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

STIPULATED PROTECTIVE ORDER
(Case No. C-05-3246-MHP)

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name] of

_____ [print or type full address and telephone number],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order (the "Order") that was issued by the United States District Court for the Northern

District of California on [**date**] in the case of *Nordberg et al. v. Trilegiant Corporation*, Case No.

C-05-3246-MHP. I agree to comply with and to be bound by all the terms of the Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner any information

or item that is subject to the Order to any person or entity except in strict compliance with the

provisions of the Order. I further agree to submit to the jurisdiction of the United States District

Court for the Northern District of California for the purpose of enforcing the terms of the Order, even

if such enforcement proceedings occur after termination of this action.


DATED: _____ __, 200_

CITY AND STATE WHERE SWORN: _____

By: _____ [printed name]

Signature: _____ [signature]

13